```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

ANTONIO MARTINS, et al.,                              ORDER

                Plaintiffs,                    18-CV-3615 (EK) (ST)

        v.

SHATIMA MICKENS,

                Defendant.
---------------------------------------x
```

ERIC R. KOMITEE, United States District Judge:

       On June 4, 2020, this Court held a status conference in which Plaintiffs' counsel was directed to submit the following: (1) documentation that shows what amount of attorney's fees received by Plaintiffs' counsel in this case is fairly attributable to his representation of the minor plaintiff (whose claim was settled for nothing); and (2) proposed redacted versions of each past filing in which the minor plaintiff's name or other sensitive information about the minor appears.  *See* Dkt. No. 15.  Plaintiffs' counsel submitted his response to this order on June 8, 2020.  *See* Dkt. No. 16.

    **I.**   **Attorney's Fees**

       Counsel's response states that "zero amount of the attorneys' fees received" by Plaintiffs' counsel is attributable to his representation of the minor plaintiff because "the minor plaintiff did not receive any medical treatment following the

1

accident aside from emergency room treatment on the day of the accident which revealed minor chest contusion" and because "the minor plaintiff did not have complaints since the day of the accident through the present time attributable to this accident."  See Dkt. No. 16.  The Court understands the position of Plaintiffs' counsel to be that the attorney's fees he received in connection with his work on this matter is attributable only to his work on behalf of the two adult plaintiffs, whose claims were settled for $30,000 each. Plaintiffs' counsel attaches documentation confirming the settlement in favor of the adult plaintiffs.  See Dkt. No. 16-1 at 3-6.

The Court deemed the settlement agreement to be fair to the minor plaintiff based on the representations of his guardian, and for other reasons stated on the record during the June 4, 2020 conference.  See Dkt. No. 15.  Still, Local Rule 83.2 requires that the Court "authorize payment to counsel for the infant . . . of a reasonable attorney's fee and proper disbursements from the amount recovered in . . . settlement, . . . after due inquiry."

Counsel represented the minor plaintiff and his parents concurrently and settled the parents' cases for significant sums while settling the minor's for nothing.  Given this, the Court had some concern that counsel's efforts might

2

have been skewed in favor of the parents.  This concern was compounded by counsel's errors – documented in my prior orders – in representing the minor.  (Among other things, counsel filed the minor's confidential medical records without a sealing application.)  Based on this concern, the Court considered attributing some portion of counsel's fee to the representation of the minor plaintiff under Rule 83.2 (even if counsel attributed zero percent that way), and potentially directing the return of a portion thereof.

Based on the full record, however, including counsel's representations, the guardian's affidavit, and the Court's determination that the zero-dollar settlement was fair to the minor plaintiff, I now approve (with some reluctance) the attribution of zero dollars in attorney's fees to the representation of the minor plaintiff.

## II. Sealing and Redaction

Counsel's response includes a (belated) list of proposed redactions to all prior filings in this matter in which the minor plaintiff's name or other sensitive information appears.  *See* Dkt. No. 16-1 at 1-2.  The list provides the document numbers, page numbers and paragraphs where the minor plaintiff's name was included and proposes redactions to be made (*i.e.*, replacing the minor plaintiff's name with his initials, "S.M.").  Plaintiffs' counsel has proposed redactions to the

3

following documents, all of which were publicly filed on the docket for this case: Document Numbers 1, 1-1, 2, 5, 7, 10-1, 11, 13, 14, 14-1 and 14-2.

The Court finds that the proposed redactions would properly address the requirements of Federal Rule of Civil Procedure 5.2, which governs privacy protections for filings made in federal court. *See* Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party or nonparty making the filing may include . . . only the minor's initials."). Therefore, Plaintiffs' counsel is now directed to re-file each of the documents he identified in his response, incorporating his proposed changes. The only two exceptions are as follows: Plaintiffs' counsel shall not re-file the minor plaintiff's medical records, which were previously sealed by the Court *sua sponte*; and Plaintiffs' counsel shall not re-file Document Number 14-2, which is entirely duplicative of other documents that Plaintiffs' counsel is directed to redact in compliance with this Order.

For the reasons set forth above, the attorney's fees received by Plaintiffs' counsel in this case are approved. The proposed redactions submitted by Plaintiffs' counsel are also approved, and Plaintiffs' counsel is directed to re-file redacted versions of each prior filing with the exceptions described above. Accordingly, it is hereby:

ORDERED that Plaintiffs' counsel re-file Document Numbers 1, 1-1, 2, 5, 7, 10-1, 11, 13, 14 and 14-1, incorporating all proposed redactions, on or before July 31, 2020.

SO ORDERED.

                                          /s/ Eric R. Komitee  
                                          ERIC R. KOMITEE  
                                          United States District Judge

Dated: Brooklyn, New York  
       July 17, 2020